RAISIN v. SCHECHTMAN.

(Supreme Court, Appellate Term, First Department. January 15, 1915.)

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

---

In re FRED et al.

(Supreme Court, Appellate Term, First Department. January 15, 1915.)

STIPULATIONS (§ 18*)—CONSTRUCTION—OBLIGATION OF PARTIES.

A stipulation, signed by a judgment debtor and his attorney, and by the judgment creditor and his attorney, which binds the debtor, in case the judgment creditor and the receiver refrain from extending the receivership to a pending action by the debtor against a third person, to pay the amount received in the action to the attorney for the creditor, binds the debtor's attorney to carry out the stipulation as far as he is able, and not to interfere with performance of the stipulation.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 41–54; Dec. Dig. § 18.*]

Appeal from City Court of New York, Special Term.

Petition by Mary Fred, as executrix, and Henry C. Fredericks and another, as executors of Mary Fred, deceased, for an order directing Harris Luxemberg, judgment debtor, and Milton J. Gordon, attorney for the debtor, to comply with a stipulation. From an order denying

the motion to compel the attorney to comply with the stipulation, the petitioners appeal. Reversed, and motion granted.

See, also, 151 N. Y. Supp. 229.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Edward H. Burger, of New York City (Benjamin W. Burger, of New York City, of counsel), for appellants.

Louis J. Jacoves, of New York City, for respondent.

BIJUR, J. From the moving party's affidavit it appears that petitioners' testator had recovered judgments against one Luxemberg, and on return of the execution unsatisfied had procured a receiver to be appointed; that thereafter decedent learned accidentally that Luxemberg was suing a third party. Thereupon a stipulation was entered into between decedent and Luxemberg, entitled "In the Matter of the [Decedent] as Judgment Creditor, against said Luxemberg as Judgment Debtor." Under this stipulation Luxemberg agreed that, if the receiver and decedent would refrain from proceedings to extend the receivership to include the suit referred to, Luxemberg would "immediately upon the settlement of said action, or upon the receipt by him of any sum or sums of money thereunder, pay to the attorney for the judgment creditor herein the full amount of said judgments above set forth" (referring to decedent's two judgments against Luxemberg). The stipulation was signed by decedent and Luxemberg, and by respondent, Gordon, as attorney for the judgment debtor, and one Burger as attorney for the judgment creditor. Enough appears in petitioners' affidavit to indicate that the suit of Luxemberg against the third party was in some manner adjusted, and that Gordon, Luxemberg's attorney, received part of the proceeds, none of which have been paid over to petitioners.

The only point which respondent seriously urges here is that he was not a party to the stipulation. He did, however, sign the paper as attorney. It seems clear to me that he thus bound himself by a stipulation in a proceeding to carry out, so far as it might be placed in his power, the direct agreement of his client to pay the money. But, in any event, he was bound not to interfere with the performance of that stipulation. Enough is shown in the moving papers to justify the court in proceeding to ascertain what respondent has done in regard to the moneys, if any, received by him as a result of the suit of his client against the third person, and, if the facts warrant it, to require him to perform the stipulation to the extent that it may have been in his power to do so.

Order reversed, with $10 costs and disbursements, motion granted, and matter remitted to the court below for such further proceedings as may be appropriate. All concur.